UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH VIERRA TAVARES, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>CAPITOL RECORDS, LLC, *ET AL.*<br><br>    Defendants. | Case No.: 12-cv-3059 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Plaintiffs Ralph Vierra Tavares, Arthur Paul Tavares, Feliciano Vierra Tavares, Anton Lawrence Tavares, and Perry Lee Tavares (collectively, "Plaintiffs" or "Tavares") bring the instant action in diversity asserting claims for breach of contract, declaratory judgment, open book account, breach of the implied covenant of good faith and fair dealing, and unfair competition in violation of California Business & Professions Code § 17200, against defendant Capitol Records, LLC, as successor to and f/k/a Capital Records, Inc. ("Capitol"), in its own name and d/b/a EMI Music North America. Plaintiffs' claims arise out of a 1973 recording agreement, as amended in 1976, and a separate 1976 recording agreement, between them and Capitol.

The parties are before the Court on Capitol's motion to dismiss the First Amended Class Action Complaint ("FAC") for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike certain allegations pursuant to Rule 12(f). The parties briefed the

matter and the Court heard oral argument on October 2, 2012. The parties thereafter submitted supplemental briefing as requested by the Court at the hearing.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby Orders that the Motion to Dismiss and to Strike Certain Allegations is **DENIED IN PART AND GRANTED IN PART, WITHOUT LEAVE TO AMEND**.

## I. SUMMARY OF ALLEGATIONS

Plaintiffs' claims all arise from allegations that Capitol has failed to properly pay royalties under their recording agreements. (FAC at ¶¶ 142-184.) Plaintiffs allege that under the Agreement, Capitol was required to pay a certain royalty for record sales of masters created by their music group, and that Capitol was required to pay a higher royalty for each license Capitol made of the group's masters. (*Id.* ¶¶ 41-42.) Plaintiffs allege that Capitol improperly treated the sale of the group's recordings through digital content providers (*e.g.,* iTunes) as a record sale and paid the lower record sale royalty rate to the group. (*Id.* ¶¶ 81-82.) Plaintiffs contend that Capitol should have treated such sales differently for royalty purposes, because Capitol "licenses" masters to digital content providers for permanent download sales. (*Id.* ¶ 82.) Plaintiffs allege that, as a result, they are entitled to a higher royalty rate for "licenses" under the recording agreements, rather than the lower royalty rate that applies when Capitol sells recordings in physical format. (*Id.*)

## II. STANDARDS APPLICABLE TO THE MOTION

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is generally limited to the contents of the complaint. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact are taken as true. *Erickson v. Pardus,* 551 U.S. 89, 93, 94 (2007). However, legally conclusory statements not supported by actual factual allegations need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 558 (2007). Thus, a motion to dismiss will be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59.

**III. DISCUSSION**

    **A. Request for Judicial Notice**

Capitol argues that the Court should take judicial notice of the agreements referenced in the FAC, which are attached to the Declaration of John Ray (Dkt. No. 5-1) Exhibit A. When a complaint specifically refers to a document, the document or its terms are central to the allegations, and no party questions its authenticity, the court may properly consider the document in ruling on a motion to dismiss. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, the agreements are central to the allegations and, indeed, portions of the agreements are quoted verbatim in the complaint. Thus the Court finds it appropriate to take judicial notice of them for purposes of this motion.

    **B. Limitation of Claims**

Capitol first argues that Plaintiffs' claims are barred to the extent they seek royalties for more than two years prior to the filing of this lawsuit, since the terms of the agreement provide for a two-year contractual limitations period. Plaintiffs were required to object to any royalty statements within two years of the date they were rendered or else lose the right to contest them. (FAC ¶ 52.) Capitol argues that Plaintiffs do not allege that they made any objection to the royalty statements at issue, yet allege that they are entitled to damage, restitution and declaratory relief for underpayment of royalties going back more than two years prior to the filing of the complaint.

Capitol's arguments do not support dismissal, or partial dismissal of the claims. The allegations here support a basis for tolling of the contractual limitations period. First, "[r]esolution of the statute of limitations issue is normally a question of fact." *Fox v. Ethicon Endo-Surgery, Inc.,* 35 Cal.4th 797, 806-07 (2005). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo v. United States,* 68 F.3d 1204, 1206 (9th Cir. 1995)) (internal quotation omitted). Second, where the

3

allegations of the complaint indicate that plaintiffs were prevented from learning the true facts by defendant's misrepresentations, application of the delayed discovery rule is particularly appropriate. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003) (franchisees prevented from learning of breach of agreements by defendant's misrepresentations and forgery); *Weatherly v. Universal Music Group,* 125 Cal.App.4th 913 (2004) (contractual limitations provision tolled where songwriter did not learn of breach of royalty contract due to music publisher's misrepresentations).

Here, Plaintiffs allege that the royalty statements they received were misleading and did not put them on notice that Capitol was actually licensing digital masters to third-parties while reporting those earnings at the "records sold" rate rather than the "masters licensed" rate. (*See* FAC ¶¶ 86, 96-113, 177.) Plaintiffs allege that they did not learn facts that would put them on notice of this misconduct until the extensive press coverage of *F.B.T. Productions, LLC v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010), *cert. denied,*_ U.S._, 131 S.Ct. 1677 (March 21, 2011). Plaintiffs allege that this was the first time they learned that the business arrangements between a major record company and Digital Providers involved licenses of master recordings. (FAC ¶¶ 110-113.) Thus, Plaintiffs have pleaded a basis for tolling the contractual limitations period based upon delayed discovery.

Capitol argues that Plaintiffs must not only allege a basis for the discovery rule but also that they could not have discovered that basis earlier despite reasonable diligence. Capitol contends that Plaintiffs were not reasonably diligent in bringing their claims since they did not exercise their contractual right to audit their royalty statements. First, this argument assumes facts not before the Court. On a motion to dismiss, a court cannot consider matters beyond the pleadings and documents properly subject to judicial notice. *Supermail Cargo,* 68 F.3d at 1206. Moreover, even in the face of a failure to exercise their audit rights, a finding of lack of diligence cannot be assumed since plaintiffs allege that they were hindered from acting any earlier due to the defendant's false representations. *See Weatherly,* 125 Cal.App.4th at 920 (reversing trial court's finding that claims were barred for lack of diligence in exercise of audit rights). Capitol's argument that the royalty statements put Plaintiffs on notice overlooks the allegations that the royalty statements were

misleading. (FAC ¶¶ 106-12.) The theory that Plaintiffs had constructive notice of the nature of the business arrangement between Capitol and the Digital Providers is contradicted by the pleadings which specifically allege that the terms were closely guarded secrets and that Capitol intentionally concealed the facts that would have put Plaintiffs on notice of the claims here. (FAC ¶ 86.)

Accordingly, the motion to dismiss on limitations grounds is **DENIED.**

### C.     Implied Covenant of Good Faith and Fair Dealing

Capitol moves to dismiss Plaintiffs' fourth claim for breach of the implied covenant of good faith and fair dealing on the grounds that it is duplicative of their breach of contract claim. The Court disagrees.

The covenant of good faith and fair dealing, implied by California law in every contract, exists to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement. *Guz v. Bechtel National Inc.,* 24 Cal. 4th 317, 349. "The covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." *Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 36 (1995). "Breach of the covenant of good faith and fair dealing gives rise to a contract action ... or, in limited contexts, a tort action with the tort measure of compensatory damages and the right to recover punitive damages." *Durell v. Sharp Healthcare* 183 Cal.App.4th 1350, 1369, 108 Cal.Rptr.3d 682 (2010) *citing* 1 Witkin, *Summary of Cal. Law* (10th ed. 2005) Contracts, § 800, p. 894. Thus, a claim for breach of the implied covenant of good faith and fair dealing is not duplicative of a breach of contract claim when a plaintiff alleges that the defendant acted in bad faith to frustrate the benefits of the alleged contract. *See Celador Internat'l. Ltd. v. The Walt Disney Co.,* 347 F.Supp.2d 846, 853 (C.D.Cal. 2004) (citing *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 353 n. 18, (2000).)

Here, Plaintiffs have alleged that defendants' conduct of providing misleading royalty statements was conduct meant to deprive them of the benefits of the express terms of their contracts. These allegations are sufficient to state a separate and distinct claim.

### D. Unfair Competition Claim

Plaintiffs allege their claim for violation of California Business & Professions Code section 17200, California's Unfair Competition Law ("UCL"), based upon all three prongs of the statute, that is, unfair, unlawful, fraudulent conduct. Capitol seeks to dismiss the claim to the extent it is based upon fraudulent conduct, arguing that Plaintiffs have not alleged fraud with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Capitol argues that, because the claim is based upon fraud, Plaintiffs must set forth "the who, what, when, where, and how of the misconduct alleged." *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1126–27 (9th Cir. 2009). Furthermore, since Plaintiffs allege fraud against a corporation, they "must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Lazar v. Sup. Ct.,* 12 Cal. 4th 631, 645 (1996) (internal quotation marks omitted).

Plaintiffs argue that they have alleged the fraud here with sufficient specificity to permit Capitol to answer. They argue that the FAC sets forth facts that: (i) other major recording companies were held to have categorized licenses to Digital Providers improperly as "record sales" for royalty purposes; (ii) public acknowledgements by executive of a major Digital Provider that they license the right to distribute music from "big four" music companies, including Capitol; and (iii) Capitol's had a practice of issuing royalty statements in which it affirmatively misrepresented the royalty rates applicable by indicating that earnings on digital recordings were not derived from licensees (FAC at 86-89; 96-113.) They further allege, on information and belief, that Capitol knew and intended that the royalty statements would mislead Plaintiffs. (FAC ¶ 106.)

Plaintiffs further argue that the more relaxed standard applicable to fraud-based claims in which the specific facts as to who engaged in the misleading conduct are peculiarly within the control of defendants, applies here, citing *Neubronner v. Milken,* 6 F.3d 666, 671-73 (9th Cir. 1993). Capitol protests that this exception should not apply because Plaintiffs' allegations as to Capitol's knowledge of the fraud are only on information and belief. However, Rule 9(b) is clear that the heightened pleading requirements apply only to the circumstances constituting the fraud. "Malice,

intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9.

Plaintiffs' allegations regarding the circumstances of the fraud here are sufficiently particular. The facts as to who made the decisions regarding the alleged misleading royalty statements are facts peculiarly within the control of Capitol. Plaintiffs' general allegation of Capitol's knowledge is permissible. Thus, the motion to dismiss this portion of the UCL claim is **DENIED**.

### E. Punitive Damages

Capitol also seeks to eliminate Plaintiffs' claim for punitive damages in connection with their claim for breach of the covenant of good faith and fair dealing.[1] California law does not allow recovery of tort damages for contract-based claims except "in limited circumstances, generally involving a special relationship." *Diaz v. Fed. Express Corp.*, 373 F. Supp.2d 1034, 1066 (C.D. Cal. 2005). "Because the covenant of good faith and fair dealing essentially is a contract term that aims to effectuate the contractual intentions of the parties, 'compensation for its breach has almost always been limited to contract rather than tort remedies.'" *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1054 (2009) (quoting *Cates Construction, Inc. v. Talbot Partners* 21 Cal.4th 28, 43 (1999).) The lone exception recognized by the California Supreme Court to date is for tort damages arising from bad faith breach of an insurance contract. *See Cates Construction*, 21 Cal. 4th at 43 (1999); *see also Spinks*, 171 Cal. App. 4th at 1054 ("breach of the implied covenant of good faith and fair dealing will not give rise to punitive damages" in "noninsurance cases").

Plaintiffs concede that punitive damages generally are not available on a claim for breach of the covenant outside the insurance context, but argue that the limited exception should be extended here because the relationship between recording artists and record companies is sufficiently similar

---

[1] Capitol moves either to strike the punitive damages claim under Rule 12(f) or to dismiss it under Rule 12(b)(6). The Ninth Circuit has made plain that a court cannot strike certain damages under Rule 12(f) based upon an argument that they are precluded by law, but has endorsed dismissing them under Rule 12(b)(6) when appropriate. *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 974 (9th Cir. 2010). Thus the Court determines this issue under Rule 12(b)(6).

7

to the relationship between insureds and their insurers. While Plaintiffs have stated a claim for breach of the covenant of good faith and fair dealing under *Guz and Celador, supra*, Plaintiffs' arguments for extending the limitations on punitive damages past the line clearly drawn in *Spinks* are not persuasive. The motion is therefore **GRANTED WITHOUT LEAVE TO AMEND** as to the punitive damages request. The request for punitive damages is **DISMISSED**. (FAC at Prayer for Relief at ¶ G, p. 59:2.)

## CONCLUSION

The motion to dismiss is **GRANTED** as to the request for punitive damages only, and is otherwise **DENIED**. Capitol shall file and serve its answer to the FAC no later than April 2, 2013.

**IT IS SO ORDERED.**

DATE: March 12, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**